Matthew J. Vanis, SBN 210706
mvanis@shb.com
Melina Manetti, SBN 318350
mmanetti@shb.com
SHOOK, HARDY & BACON L.L.P.
555 Mission Street, Suite 2300
San Francisco, CA 94105
Tel: 415.544.1900 | Fax: 415-391-0281

Attorneys for Plaintiff
JONES LANG LASALLE AMERICAS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| JONES LANG LASALLE AMERICAS, INC., a Maryland Corporation,<br><br>Plaintiff,<br><br>v.<br><br>ARCHER AVIATION, INC.; and DOES 1 through 10, inclusive,<br><br>Defendant. | Case No. 5:23-cv-00791<br><br>**PLAINTIFF JONES LANG LASALLE AMERICAS, INC.'S COMPLAINT FOR:**<br><br>1. **BREACH OF CONTRACT**<br>2. **ANTICIPATORY BREACH OF CONTRACT: REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF**<br>3. **UNJUST ENRICHMENT** |

**COMPLAINT**

Plaintiff Jones Lang LaSalle Americas, Inc. ("JLL"), by and through undersigned counsel, files this Complaint against Defendant Archer Aviation, Inc. ("Archer") and states as follows:

**NATURE OF THE ACTION**

1. This is a civil action by JLL, seeking, *inter alia*, damages and equitable relief from Defendant's breaches of contract in connection with a Memorandum of

Understanding ("the Memorandum") executed between the parties, pursuant to which JLL provided business and economic incentive negotiation services and for which Defendant agreed to provide monetary consideration for the same. A true and correct copy of the Memorandum is attached hereto as Exhibit 1.

## THE PARTIES

2. Plaintiff JLL is a Maryland corporation with its corporate headquarters and principal place of business located at 200 East Randolph Drive, Chicago, IL 60601. JLL is thus a citizen of Maryland and Illinois. JLL is a real estate services company.

3. Defendant Archer is a Delaware corporation with its principal place of business located at 190 W Tasman Drive, San Jose, CA 95134. Archer is thus a citizen of Delaware and California.

## JURISDICTION AND VENUE

4. This Court has personal jurisdiction over Defendant Archer, as it has its principal places of business in and conducts substantial operations in California and this district.

5. The amount in controversy between the Parties, as more specifically discussed herein, exceeds $75,000.00, exclusive of interest and costs.

6. This Court therefore has subject matter jurisdiction over this civil action pursuant to 28 U.S.C. § 1332(a).

7. Venue is appropriate in this Court for this dispute pursuant to 28 U.S.C. § 1391(b) because Defendant Archer resides in this District.

8. Furthermore, jurisdiction and venue are proper in this District because Defendant consented to the jurisdiction of the state or federal courts in Santa Clara County. *See* Exhibit 1, Section 9.

**GENERAL ALLEGATIONS**

9. On May 15, 2021, Archer and JLL entered into a Memorandum of Understanding ("the Memorandum"). *See* Exhibit 1.

10. The Memorandum provides that JLL was to perform specific services for Archer, as enumerated in the Scope of Services attached as Exhibit A to the Memorandum. *See* Exhibit 1 at Ex. A.

11. Exhibit A to the Memorandum provides that JLL's brokerage and incentives teams would provide various services to Archer, including, but not limited to, location selection services, real estate acquisition services, and business and economic incentive negotiation services. *See* Exhibit 1 at Ex. A.

12. Section 3 of Exhibit A to the Memorandum provides that Archer would compensate JLL for its provision of business and economic incentive negotiation services at a rate of 10% of the benefits accepted by Archer (the "BEI fee"), in addition to any out-of-pocket expenses incurred by JLL. Pursuant to the terms of the Memorandum, payment of the BEI fee is due to JLL as follows:

(i) 25% of the BEI fee is due within thirty (30) days after closing and receipt of invoice;

(ii) 25% of the BEI fee is due one (1) year following the due date of the first payment in clause (i) above; and

(iii) 50% of the BEI fee is due one (1) year following the due date of the second payment in clause (ii) above.

*See* Exhibit 1 at Ex. A, Section 3.

13. Pursuant to the services outlined in the Scope of Services exhibit to the parties' Memorandum, JLL assisted Archer with Archer's identification, selection, and negotiation of a site for a new aircraft manufacturing facility in Covington, Georgia (the "Project"). Specifically, JLL provided extensive business and economic

COMPLAINT
Case No. 5:23-cv-00791

1  incentive negotiation services in relation to the Project. JLL incurred $25,829.76 in
2  out-of-pocket expenses in relation to the Project.

3    14.   JLL's business and economic incentive negotiation services resulted in Archer's receipt of offers for economic incentives from governmental entities in Georgia in connection with the Project. Specifically, JLL's services resulted in an offer letter from Padgett Wilson, Commissioner of the Georgia Department of Economic Development, dated September 21, 2021 (the "Offer Letter"). A true and correct copy of the Offer Letter is attached hereto as Exhibit 2.

  15.   JLL's business and economic incentive negotiation services also resulted in Archer's receipt of an offer for economic incentives from the City of Covington, Georgia, as enumerated in an offer letter dated September 16, 2021 (the "Local Letter"). A true and correct copy of the Local Letter is attached hereto as Exhibit 3.

  16.   Collectively, the Offer Letter and Local Letter offered Archer a total estimated cost savings and cost avoidances of $36,211,469.00 for Archer's selection of the Covington, Georgia location for its aircraft manufacturing facility. *See* Exhibits 2 and 3.

  17.   Archer approved the Project in Covington, Georgia and accepted Georgia's incentives offer for the Project on or about November 14, 2022. Archer ultimately accepted incentives from Georgia for the Project totaling $35,474,116.00.

  18.   On December 13, 2022, JLL issued Invoice No. LM00000558219001 (the "Invoice") to Archer for the initial 25% portion of the BEI fee. The invoice reflects that the total BEI fee owed to JLL is $3,547,411.60 (10% of the incentive value received by Archer of $35,474,116.00). The invoice reflects that 25% of the BEI fee, or $886,852.90, was due on January 13, 2023; the next 25% is due by the end of December 2023; and the remaining 50% due by the end of December 2024. A true and correct copy of the Invoice is attached hereto as Exhibit 4.

19. The Invoice also reflects JLL's itemized expenses incurred in relation to the Project, totaling $25,829.76. JLL's expenses, in addition to the initial 25% of the BEI fee, were due on January 13, 2023, for a total due on January 13, 2023 of $912,682.66. *See* Exhibit 4.

20. Archer responded to JLL's Invoice via letter on January 3, 2023, rejecting the Invoice in full. Archer's correspondence informed JLL that Archer did not intend to remit any portion of the BEI fee or JLL's expenses due pursuant to the terms of the parties' Memorandum. To date, Archer has not remitted any portion of the BEI fee or JLL's expenses incurred in relation to the Project.

21. As a direct and proximate result of Archer's failure to pay under the terms of the Memorandum, JLL is presently damaged in the amount of $912,682.66, and anticipates future damages in the amount of $2,660,558.70, in addition to interest which continues to accrue, and attorneys' fees and costs, all of which are provided for under the terms of the Memorandum. *See* Exhibit 1 at Section 5; Exhibits 2-3; Exhibit 4.

## COUNT I – BREACH OF CONTRACT

*Against Archer and Does 1 through 10*

22. JLL incorporates by reference and realleges the allegations in Paragraphs 1 through 21 as though fully set forth herein.

23. As set forth above, JLL and Archer entered into the Memorandum of Understanding. The Memorandum was and is a binding and enforceable contractual agreement, supported by adequate consideration. *See* Exhibit 1.

24. As set forth above, JLL performed all of its obligations under the Memorandum; specifically, in relation to the Project, JLL provided services including, but not limited to, location selection services, real estate acquisition services, and business and economic incentive negotiation services.

1  25. As set forth above, JLL's provision of business and economic incentive negotiation services resulted in Archer's receipt and acceptance of an incentives offer from the state of Georgia for the Project totaling $35,474,116.00. Archer accepted this incentives offer on or about November 14, 2022.

26. Pursuant to Section 3 of Exhibit A to the Memorandum, Archer is contractually obligated to compensate JLL for its provision of business and economic incentive services at a rate of 10% of the benefits accepted by Archer (the "BEI fee"), in addition to any out-of-pocket expenses incurred by JLL. Pursuant to the terms of the Memorandum, payment of the BEI fee is due to JLL as follows:

(i) 25% of the BEI fee is due within thirty (30) days after closing and receipt of invoice;

(ii) 25% of the BEI fee is due one (1) year following the due date of the first payment in clause (i) above; and

(iii) (iii) 50% of the BEI fee is due one (1) year following the due date of the second payment in clause (ii) above.

See Exhibit 1 at Ex. A, Section 3.

27. JLL issued an invoice to Archer on December 13, 2022, reflecting that 25% of the $35,474,116 BEI fee was due on January 13, 2023, in addition to JLL's expenses of $25,829.76, for a total due on January 13, 2023 of $912,682.66. See Exhibit 4.

28. Archer has materially and substantially breached its contractual obligations by failing to pay the BEI fee and expenses owed to JLL as of on January 13, 2023 in the amount of $912,682.66 pursuant to the terms of the Memorandum.

29. As a direct and proximate result of Archer's non-payment and breach of contract, JLL has suffered actual damages in the amount of $912,682.66, plus additional pre-judgment and post-judgment interest, attorneys' fees, and costs.

WHEREFORE, Plaintiff JLL requests a judgment in its favor against Defendant Archer for monetary damages in the amount of $912,682.66, plus pre-judgment and post-judgment interest, attorneys' fees, litigation costs and expenses, and such further legal and equitable relief as this Court deems appropriate or such other amounts as determined by this Court.

## COUNT II – ANTICIPATORY BREACH OF CONTRACT: REQUEST FOR DECLARATORY AND INJUNCTIVE RELIEF

*Against Archer and Does 1 through 10*

30. JLL incorporates by reference and realleges the allegations in Paragraphs 1 through 29 as though fully set forth herein.

31. As set forth above, JLL and Archer entered into the Memorandum of Understanding. The Memorandum was and is a binding and enforceable contractual agreement, supported by adequate consideration. *See* Exhibit 1.

32. As set forth above, JLL performed all of its obligations under the Memorandum; specifically, in relation to the Project, JLL provided services including, but not limited to, location selection services, real estate acquisition services, and business and economic incentive negotiation services.

33. As set forth above, JLL's provision of business and economic incentive negotiation services resulted in Archer's receipt and acceptance of an incentives offer from the state of Georgia for the Project totaling $35,474,116.00. Archer accepted this incentives offer on or about November 14, 2022.

34. As set forth above, Archer is contractually obligated to compensate JLL for its provision of business and economic incentive services at a rate of 10% of the benefits accepted by Archer (the "BEI fee"), in addition to any out-of-pocket expenses incurred by JLL. Pursuant to the terms of the Memorandum, payment of the BEI fee is due to JLL as follows:

      (i)     25% of the BEI fee is due within thirty (30) days after closing and receipt of invoice;

      (ii)    25% of the BEI fee is due one (1) year following the due date of the first payment in clause (i) above; and

      (iii)   50% of the BEI fee is due one (1) year following the due date of the second payment in clause (ii) above.

See Exhibit 1 at Ex. A, Section 3.

35. JLL issued Invoice No. LM00000558219001 (the "Invoice") to Archer on December 13, 2022, reflecting that Archer owed JLL a total BEI fee of $3,547,411.60 (10% of $35,474,116.0), plus JLL's expenses of $25,829.76, for a total of $3,573,241.36. See Exhibit 4.

36. Pursuant to the terms of the Memorandum, 25% of the BEI fee, in addition to JLL's expenses of $25,829.76, were due on January 13, 2023. The remaining 25% and 50% of the BEI fee will be due in December 2023 and December 2024, respectively. See Exhibit 4.

37. Via correspondence dated January 3, 2023, Archer rejected JLL's invoice in full, and informed JLL that it does not intend to remit any portion of the BEI fee or JLL's expenses due pursuant to the terms of the parties' Memorandum.

38. Archer's conduct is an anticipatory breach and repudiation of its contractual obligation to pay the remainder of the BEI fee to JLL by December 2023 and December 2024. Archer sent JLL a written repudiation of this contractual obligation, and has not retracted its repudiation to date.

39. As a result of this anticipated breach of contract, JLL will suffer additional damages in the amount of $2,660,728.94, plus additional pre-judgment and post-judgment interest, attorneys' fees, and costs.

WHEREFORE, Plaintiff JLL requests relief against Defendant Archer in the form of a declaration that Archer committed an anticipatory breach of contract by its

1  conduct described herein, and an injunction requiring Archer to remit the
2  $2,660,728.94 owed pursuant to the terms of the parties' contract, plus pre-judgment
3  and post-judgment interest, attorneys' fees, litigation costs and expenses, and such
4  other and further relief as the Court deems just and proper.

### COUNT III – UNJUST ENRICHMENT

*Against Archer and Does 1 through 10*

40. JLL incorporates by reference and realleges the allegations in Paragraphs 1 through 39 as though fully set forth herein.

41. JLL pleads this count in the alternative to Counts I and II for breach of contract.

42. JLL has conferred a benefit on Archer, including, but not limited to, the fact that JLL has provided business and economic incentive negotiation services for Archer at its request, for which Archer received economic benefit, and for which Archer has not compensated JLL.

43. Archer has knowledge of the economic benefit that was conferred by JLL, including, but not limited to, the fact that Archer is aware that JLL has provided the business and economic incentive negotiation services, that Archer received economic benefits and incentives as a result of those services, and that JLL has requested payment for the same.

44. Archer voluntarily accepted and retained the benefit conferred by JLL by allowing JLL to perform the business and economic incentive negotiation services, and then not paying for the same.

45. Archer's retention of the benefit is inequitable unless it pays JLL for the value of the benefit provided.

WHEREFORE, Plaintiff JLL requests a judgment in its favor and against Defendant Archer for monetary damages, pre-judgment and post-judgment interest,

attorneys' fees, litigation costs and expenses, and such other and further relief as the Court deems just and proper.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff JLL respectfully requests judgment in its favor and against Defendant Archer as follows:

(a) For actual damages in an amount to be determined according to proof at trial, plus all interest allowable by law, for breach of contract;

(b) For declaratory and injunctive relief regarding Defendant's anticipatory breach of contract and repudiation of contract;

(c) For consequential and incidental damages in an amount to be determined according to proof at trial;

(d) Restitution;

(e) For interest as provided by law;

(f) For attorneys' fees;

(g) For costs of suit incurred herein; and

(h) For such other and further relief as the Court may deem just and proper.

Dated: February 22, 2023

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: /s/ Melina Manetti
    MATTHEW J. VANIS
    MELINA MANETTI

Attorneys for Plaintiff
JONES LANG LASALLE AMERICAS, LLC