SHOOK, HARDY & BACON L.L.P.
Matthew J. Vanis, SBN 210706
mvanis@shb.com
Melina Manetti, SBN 318350
mmanetti@shb.com
555 Mission Street, Suite 2300
San Francisco, CA 94105
Tel: 415.544.1900 | Fax: 415-391-0281

Attorneys for Plaintiff
JONES LANG LASALLE AMERICAS, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONES LANG LASALLE AMERICAS, INC., a Maryland Corporation, <br><br> Plaintiff, <br><br> v. <br><br> ARCHER AVIATION, INC.; and DOES 1 through 10, inclusive, <br><br> Defendant. | Case No.  3:23-cv-00791-CRB <br><br> Assigned to: Hon. Charles R. Breyer <br><br> **PLAINTIFF JONES LANG LASALLE AMERICAS, INC.'S REPLY IN SUPPORT OF MOTION TO DISMISS DEFENDANT ARCHER AVIATION, INC.'S COUNTERCLAIM AND MOTION TO STRIKE** <br><br> Complaint filed: February 22, 2023 <br><br> Date:      July 14, 2023 <br> Time:     10:00 a.m. <br> Courtroom:  6 |

**INTRODUCTION**

Archer's Opposition concedes that a declaratory judgment counterclaim that is "either the 'mirror image' of claims in the complaint or redundant of affirmative defenses" should be dismissed. *See* Dkt. 32, Archer's Opposition ("Opp.") at 9:2-5. Archer argues that its Counterclaim is not a mirror image of JLL's Complaint because it contains additional factual allegations. However, the authorities Archer cites in opposition to JLL's Motion stand only for the proposition that a defendant's counterclaim may seek declaratory relief on an additional *legal* issue not already before the Court. Archer does not demonstrate that its Counterclaim raises any new legal issues distinct from the Complaint, or that Archer's Counterclaim seeks any relief that is separate and apart from the relief it seeks via its affirmative defenses. Indeed, Archer's Opposition – much like its Counterclaim – focuses entirely on a factual retelling of events regarding the parties' contractual relationship, which is already at issue via JLL's Complaint. Archer's Counterclaim seeks a judicial declaration that it is not liable to JLL for the damages JLL seeks in its Complaint. This declaration does not "serve any useful purpose," and should be dismissed. *See Stickrath v. Globalstar, Inc.*, No. C07–1941—THE, 2008 WL 2050990, at *3 (N.D. Cal. May 13, 2008) (granting the plaintiff's Rule 12(f) motion to strike a counterclaim for declaratory judgment as redundant of the defendant's defenses).

JLL also moves to strike Archer's First Affirmative Defense for Improper Venue and Archer's Reservation of Defenses as they are redundant and immaterial to this litigation, and Archer's Opposition fails to demonstrate otherwise.

**ARGUMENT**

**I.   Archer's Mirror-Image Declaratory Judgment Counterclaim Adds Nothing to the Case and Should Be Dismissed.**

   **A. The Complaint and Counterclaim address the same legal issues regarding the Parties' contract.**

Archer argues that its' Counterclaim "is no mere 'mirror image' of JLL's complaint" (Opp. at 11:8-9) because it "alleges detailed facts" not contained in JLL's Complaint. Opp. at 11:6. However, Archer's Counterclaim contains no distinct *legal* issues or allegations that

1

1   distinguish it from JLL's Complaint or its own affirmative defenses. Archer claims that it
2   seeks "broader relief" because it seeks this Court's declaration that "JLL failed to secure a
3   real estate transaction for Archer's new facility and that as a result **Archer owes JLL no**
4   **real estate commission and no other compensation**" pursuant to the parties' contract. Opp.
5   at 11:3-5 (emphasis added). This "broader relief" sought by Archer is, in actuality, a blatant
6   mirror image to the relief sought by JLL in its Complaint: JLL seeks compensation pursuant
7   to the terms of the parties' contract, and Archer seeks a declaration that JLL is not entitled to
8   such compensation. Archer concedes that JLL's Complaint puts the entire contract at issue,
9   rendering its Counterclaim redundant, stating that "*JLL placed all these contract terms at*
10  *issue*." Opp. at 12:13-14 (emphasis added). This is perhaps the clearest example of a "mirror
11  image" claim for declaratory relief that ought to be dismissed as redundant.

12          In making a decision to exercise its discretion to entertain a declaratory judgment
13  claim, the Court is to "look to the purpose of the Declaratory Judgment Act." *Englewood*
14  *Lending Inc. v. G & G Coachella Invs., LLC*, 651 F. Supp. 2d 1141, 1145 (C.D. Cal. 2009)
15  (citing *Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 (9th Cir. 1990)).
16  "The purpose of the Declaratory Judgment Act is to relieve potential defendants from the
17  Damoclean threat of impending litigation which a harassing adversary might brandish, while
18  initiating suit at his leisure—or never." *Id.* (citing *Societe de Conditionnement v. Hunter*
19  *Eng'g Co.*, 655 F.2d 938, 943 (9th Cir. 1981)) (internal quotations omitted). As set out more
20  fully in JLL's Motion, that purpose is not served here. Archer's overlapping Counterclaim
21  does not serve the intended purpose of the Declaratory Judgment because Archer does not
22  live in fear of JLL's potential suit: it is already obliged to defend against it. *Id.*; *see also*
23  *Stickrath v. Globstar, Inc.*, 2008 WL 2050990, *3, *4 (N.D. Cal. May 13, 2008).

24          Archer's reliance on *Ironshore Specialty Ins. Co. v. Conemaugh Health Sys.*, Inc., 423
25  F. Supp. 3d 139, 161 (W.D. Pa. 2019), is misplaced. First, that court's discussion of
26  reluctance to dismiss counterclaims is not only nonbinding dicta, but is contrary to authority
27  in the Ninth Circuit that it is indeed appropriate in many circumstances to dismiss
28  counterclaims. Second, and more importantly, the *Ironshore* court found that the

counterclaim at issue was not truly a "mirror image" of the plaintiff's breach of contract claim because *the counterclaim sought additional relief*—a declaration that the plaintiff had a duty to indemnify the defendant—not included in the complaint. *Id.* The counterclaim at issue in *Ironshore* sought affirmative relief, unlike Archer's Counterclaim here. *See Riot Games Merchandise, Inc. v. Tri-Force Sales, LLC*, Case No. 2:15–cv–05817–ODW(Ex), 2015 WL 13344626 at *3 (C.D. Cal. Dec. 1, 2015) (dismissing counterclaim where "Defendant does not seek any additional relief not contained in the Complaint. All Defendant requests is a judicial declaration determining an issue that is fully encompassed by Plaintiffs' claims.").

Similarly, the Court's ruling in *ACE Am. Ins. Co. v. Old Republic Gen. Ins. Corp.*, 20-cv-482 (WHO), 2020 WL 4001459, at *5 (N.D. Cal. July 15, 2020) was also based on the fact that a cross-claimant sought additional and distinct relief from that sought by the plaintiff in the main action. The *ACE* court determined that "[a] favorable ruling on [the cross-claimant's] crossclaim [] will result in judgment affording it *affirmative relief*…; the same cannot be achieved were it to prevail on other claims pending in this action even though the issues are similar." *Id.* at *5.

Here, in stark contrast, Archer does not seek *any* additional relief not encompassed by the Complaint. Archer simply seeks a declaration that it does not owe the fees sought by JLL pursuant to the parties' contract. Archer's requested judicial declaration is regarding an issue that is fully encompassed by JLL's claims and Archer's affirmative defenses. Archer seeks no affirmative relief, and seeks no relief separate and apart from what it would receive should it prevail on JLL's claims. A victory by Archer on JLL's breach of contract claim will result in the complete determination of the rights and obligations surrounding the parties' contract. The scope and extent of the parties' contractual obligations and duties will be fully litigated via JLL's Complaint and Archer's affirmative defenses, rendering Archer's Counterclaim wholly unnecessary. There is indeed a "complete identity of factual and legal issues between the [claim] and the counterclaim," and thus dismissing or striking Archer's Counterclaim is appropriate. *Stickrath*, 2008 WL 2050990, at *3.

**B. Archer's Counterclaim is Duplicative of its Affirmative Defenses.**

While Archer contends that its Counterclaim is broader than JLL's Complaint, Archer fails to address the fact that its Counterclaim simply reiterates the summary allegations of its affirmative defenses. When declaratory relief claims are redundant of the defendant's defenses to the plaintiff's claims, as Archer's Counterclaim is here, they are properly dismissed. *See Stickrath*, 2008 WL 2050990, at *7 (granting the plaintiff's Rule 12(f) motion to strike a counterclaim for declaratory judgment as redundant of the defendant's defenses); *Englewood Lending Inv. V. G & G Coachella Invs., LLC*, 651 F. Supp. 2d at 1145-46 (dismissing two counterclaims for declaratory judgment as duplicative of a party's defenses). The Court "has complete discretion whether to hear a counterclaim for declaratory judgment," and should exercise its discretion to dismiss Archer's counterclaim on this basis.

A comparison of Archer's Counterclaim and affirmative defenses makes this clear. Archer's Counterclaim seeks a declaration from the Court that "Archer owes JLL no real estate commission and no other compensation." Opp. at 11:3-5. Archer's Second, Fourth, and Fifth Affirmative Defenses address the issues of:

(2) Whether JLL has stated a claim upon which relief can be granted;

(4) Whether JLL "waived, relinquished, or abandoned any claim for relief by its conduct, representation, or omission, including but not limited to its failure to extend the term of the MOU, to contest the expiration of the MOU when its term expired, or to provide written notice to Archer as required under the Parties' MOU if it intended to make a claim for fees based on a transaction entered after expiration or termination of the MOU;" and

(5) Whether JLL is "equitably estopped from asserting any claim for relief against Archer based on at least the facts alleged above with respect to waiver, as well as the fact that JLL expressly confirmed the termination of the MOU in August 2022 without giving notice of any claim.

*See* Dkt. No. 24, Archer's Answer and Counterclaim.

1  Archer's Counterclaim is thus subsumed by and merely repackages Archer's
2  affirmative defenses, and serves no other purpose. And crucially, as stated above, Archer's
3  Counterclaim seeks no relief beyond that which it seeks via its affirmative defenses, further
4  illustrating their indistinguishability. Indeed, Archer's Counterclaim serves only as a vehicle
5  to inject factual allegations in support of Archer's affirmative defenses; Archer could have
6  simply included these factual allegations in the affirmative defenses themselves. To the
7  extent Archer seeks to introduce or establish additional facts in this litigation, the proper
8  mechanism to do so is by disclosing evidence through discovery or moving for summary
9  judgment, and not asserting factual contentions in an unnecessary and duplicative pleading.
10 *See Marsh & McLennan Agency, LLC v. Teros Advisors, LLC*, Case No. 20-cv-02679-HSG,
11 2021 WL 4846245 (N.D. Cal. Aug. 11, 2021) (dismissing counterclaim where defendant's
12 affirmative defenses were repackaged as a counterclaim).

13  Archer's Counterclaim adds nothing to this case, as Archer does not stand to gain
14 anything from its Counterclaim. The Court in *Berger v. Seyfarth* found it appropriate to
15 dismiss the defendant's counterclaim under similar circumstances, finding:

> There is nothing before the Court to suggest that Defendants' declaratory judgment counterclaims would entitle them to any costs or fees beyond those it might otherwise be entitled to as a result of successfully defending against Plaintiffs' suit. There is nothing to support the position that Defendants would not otherwise be entitled to appeal the judgment, should the outcome not be in their favor. Defendants here do not stand to lose anything […] **Defendants have failed to identify any declaration that the Court could issue after a finding of no liability on Plaintiffs' claims that would 'serve any useful purpose.'**

*Berger v. Seyfarth Shaw, LLP*, No. C-07-05279 JSW, 2008 WL 2468478,*2 (N.D. Cal. 2008) (citing *Ortho-Tain, Inc. v. Rocky Mountain Orthodontics, Inc*., No. 05-C-6656, 2006 WL 3782916, *3 (N.D. Ill. 2006) ("District courts have dismissed counterclaims under the Declaratory Judgment Act where they have found them to be repetitious of issues already before the court via the complaint or affirmative defenses.") (emphasis added).

5

Here, Archer's declaratory judgment Counterclaim entitles it to nothing beyond that to which it would be entitled as a result of successfully defending against JLL's suit. The Counterclaim therefore serves no "useful purpose," and should be dismissed or stricken.

**II. Archer's First Affirmative Defense and "Reservation of Defenses" Should Be Stricken Under Rule 12(f).**

A Court may strike affirmative defenses under Federal Rule of Civil Procedure 12(f) if they present an "insufficient defense, or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). A matter is immaterial if it has no essential or important relationship to the claim for relief pleaded, and is impertinent if it does not pertain and is not necessary to the issues in question in the case. *See Fantasy, Inc. v. Fogerty*, 984 F.2d 1524, 1527 (9th Cir. 1993), rev'd on other grounds, 510 U.S. 517 (1994).

Archer argues that JLL must make a showing of prejudice in order to strike Archer's first affirmative defense and "reservation of defenses," but this is incorrect. *See Ganley v. County of San Mateo*, No. C06–3923 TEH, 2007 WL 902551, at * 1 (N.D. Cal. Mar. 22, 2007) (motions to strike are proper even if their only purpose is to make the issues less complicated and to "streamline the ultimate resolution of the action"). And while Archer cites *Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1170 (N.D. Cal. 2010) for the notion that motions to strike "are generally disfavored," the court in that case granted plaintiff's motion to strike. Moreover, the *Barnes* court stated that "[i]f the court were to permit legally unsustainable affirmative defenses to survive, [plaintiff] would be required to conduct expensive and potentially unnecessary and irrelevant discovery. Thus, [defendant's] arguments regarding prejudice ***cannot rescue its otherwise legally insufficient affirmative defenses***." *Id.* at 1173 (emphasis added).

Archer's first affirmative defense for improper venue should be stricken as duplicative and unnecessary, and because improper venue is not properly asserted as an affirmative defense. Because "[t]he purpose of an affirmative defense is to 'raise[] new facts and arguments that, if true, will defeat the plaintiff's or prosecution's claim, even if all allegations in the complaint are true,'" then "assuming a plaintiff has done its job in

1  asserting the basis for venue in its Complaint, it is difficult for a defendant to plausibly
2  assert that venue is improper in the form of an affirmative defense." *Intercon Sols., Inc. v.*
3  *Basel Action Network*, 969 F. Supp. 2d 1026, 1064 (N.D. Ill. Aug. 28, 2013) (quotations
4  omitted); *Marina Bartashnik v. Bridgeview Bancorp, Inc.*, 2005 WL 3470315, at *5 (N.D. Ill.
5  Dec. 15, 2005) ("The proper challenge to venue is a denial in the answer or a 12(b)(3)
6  motion.")). Because Archer has denied JLL's venue allegation in its Answer (*see* Dkt. No.
7  24, ¶ 8), it has already asserted the defense of "improper venue" by denial, rendering its first
8  affirmative defense redundant. Furthermore, Archer has assented to the jurisdiction of this
9  Court by asserting its Counterclaim. Archer's first affirmative defense should be stricken at
10 "[this] early stage to enable the parties to proceed with the litigation in the proper posture."
11 *Fed. Deposit Ins. v. Baker*, 739 F. Supp. 1401, 1408 (C.D. Cal. 1990).

12       Archer's "reservation of defenses" should also be stricken as redundant and
13 immaterial. Courts regularly strike such a "reservation" of rights or defenses, as it is a known
14 legal nullity and serves no useful purpose. Archer urges this Court to follow the view
15 expressed by the court in *Global Mortg. Funding* (Opp. at 15:15-16), and JLL agrees, as the
16 court there held that such a "defense" is "legally ineffective and could have no impact on the
17 proceeding one way or another—except perhaps adding heft to the answer. However, because
18 it would apparently help the [plaintiff] rest easier, the reservation of Defendant's rights to
19 raise additional defenses (defense eight) is hereby STRICKEN with prejudice *as it is not a*
20 *proper defense*." *Id.* at *5 (emphasis added). Archer seemingly concedes that its "reservation
21 of defenses" serves no useful purpose, and it should be stricken.

22 **CONCLUSION**

23       For the reasons set forth herein and in its Motion, JLL respectfully requests that the
24 Court dismiss or strike Archer's Counterclaim for declaratory relief. JLL further requests
25 that the Court strike Archer's First Affirmative Defense and Reservation of Defenses.

26
27
28

| | | |
|---|---|---|
| 1 | Dated: June 22, 2023 | Respectfully submitted, |
| 2 | | SHOOK, HARDY & BACON L.L.P. |
| 3 | | By: */s/ Matthew J. Vanis* |
| 4 | |     MATTHEW J. VANIS<br>    MELINA MANETTI |
| 5 | | |
| 6 | | Attorneys for Plaintiff<br>JONES LANG LASALLE<br>AMERICAS, INC. |

Dated: June 22, 2023

Respectfully submitted,

SHOOK, HARDY & BACON L.L.P.

By: */s/ Matthew J. Vanis*
    MATTHEW J. VANIS
    MELINA MANETTI

Attorneys for Plaintiff
JONES LANG LASALLE
AMERICAS, INC.