IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JONES LANG LASALLE AMERICAS, INC., <br><br> Plaintiff, <br><br> v. <br><br> ARCHER AVIATION, INC., <br><br> Defendant. | Case No. 23-cv-00791-CRB <br><br> **ORDER DENYING MOTION TO DISMISS, STRIKE** |

Plaintiff Jones Lang Lasalle Americas, Inc. (JLL) brought suit against Defendant Archer Aviation, Inc., arguing that Archer breached a Memorandum of Understanding (MOU) between the parties in which JLL was to provide services to Archer in exchange for payment. See Compl. (dkt. 1). The complaint, which included claims for breach of contract, anticipatory breach of contract, and unjust enrichment, specifically dealt with the "business and economic incentive negotiation services" fee (BEI fee) in the MOU. See id. ¶ 12. Archer answered the complaint and filed a counterclaim. See Answer and Counterclaim (dkt. 24). The counterclaim seeks a declaratory judgment that the MOU expired on June 1, 2022 and that Archer does not owe JLL any payments under any of the contract terms. See id. ¶¶ 59–63; Opp'n at 1. JLL has now moved to dismiss the counterclaim and strike two of Archer's affirmative defenses. See MTD (dkt. 32). The Court finds this matter suitable for resolution without oral argument, see Civil Local Rule 7-2, and VACATES the hearing currently on calendar for July 14, 2023.

JLL argues that the counterclaim is "both a mirror image of JLL's Complaint and is redundant to Archer's affirmative defenses, such that a decision on the merits of JLL's

claims and Archer's defenses will render Archer's Counterclaim moot." MTD at 1 (citing Stickrath v. Globalstar, Inc., No. 07-1941-THE, 2008 WL 2050990, at *3 (N.D. Cal. May 13, 2008)); see also id. at 6 ("counterclaim . . . presents identical issues already before the Court via JLL's Complaint."). But JLL also moves to strike a number of the allegations in the counterclaim, which it asserts are "wholly unrelated to the issue raised in JLL's Complaint and Archer's Counterclaim, which is whether Archer failed to compensate JLL for its [BEI] services." Id. at 7. That JLL believes those allegations are unrelated support's Archer's position. See Opp'n at 9.

Archer's position is "not just that Archer owes JLL no commission on tax benefits as recited in the complaint, but also that Archer owes JLL no other payment obligations under any contract term." Id. at 1; see also id. at 2 ("It seeks broader relief, resolving not just the incentive benefit payment that JLL addressed in its complaint, but a declaration that Archer does not owe JLL under any theory."). That the counterclaim is about the entire contract and the complaint is about only one provision in the contract appears to the Court to be a notable difference.[1] JLL has simply not demonstrated that "'there is a complete identity of factual and legal issues between the complaint and the counterclaim.'" See Stickrath, 2008 WL 2050990, at *4 (quoting Pettrey v. Enterprise Title Agency, Inc., No. 1:05-cv-1504, 2006 WL 3342633, at *3 (N.D. Ohio, Nov. 17, 2006)); see also Westwood v. Brott, No. 22-cv-3374-CRB, 2022 WL 17418975, at *3 (N.D. Cal. Dec. 5, 2022) (court will not dismiss counterclaim "just because [it] 'concern[s] the same subject matter or arise[s] from the same transaction as the complaint.'") (quoting Castaline v. Aaron Mueller Arts, 09-cv-02542, 2010 WL 583944, at *2 (N.D. Cal. Feb. 16, 2010). The Court leaves room for the possibility that it could be wrong: it is, after all, "very difficult to

---

[1] Relatedly, while the counterclaim is consistent with some of Archer's affirmative defenses, see, e.g., Answer and Counterclaim at 7, (third affirmative defense: "JLL failed to perform its obligations under the Parties' MOU."), it goes well beyond what the affirmative defenses assert, see, e.g., id. ¶¶ 23–34 (alleging how different MOU terms operated in relation to each other and explaining the parties' rights and responsibilities once the MOU expired).

2

determine whether the declaratory judgment counterclaim really is redundant prior to trial." See Stickrath, 2008 WL 2050990, at *5 (quoting Wright, Miller and Kane, 6 Federal Practice & Procedure 2d § 1406 at 34). For now, it is not so obvious that the counterclaim is a mirror image of the complaint that the Court will exercise its discretion to dismiss it.

Nor will the Court strike the "affirmative defenses" as JLL requests. Archer's defense of improper venue, Answer and Counterclaim at 7, is problematic, as JLL apparently complied with the MOU's forum selection clause by bringing suit in the San Jose Division of the Northern District of California, and it was only this Court's random reassignment of the case that led to its transfer here. See MTD at 9; Order Assigning/Reassigning Case (CRJ) (dkt. 11) ("This case will be randomly reassigned to a District Judge outside the San Jose Division pursuant to the Caseload Rebalancing Pilot Program"). Archer's inclusion of the words "Archer reserves the right to assert additional defenses if discovery or other analysis shows that additional defenses are appropriate," Answer and Counterclaim at 8, would be problematic if such words purported to be an affirmative defense in and of themselves. But neither appear to be doing any harm.[2] See Miller v. Ghiradelli Chocolate Co., No. C 12-4936 LB, 2013 WL 3153388, at *3 (N.D. Cal. June 19, 2013) ("'a motion to strike is usually a waste of time and money without'" a showing of prejudice) (quoting William Schwarzer, et al., Cal. Practice Guide: Federal Civil Procedure Before Trial § 9:376 (2013)).

Accordingly, the motion is DENIED.

**IT IS SO ORDERED.**

Dated: July 10, 2023



CHARLES R. BREYER
United States District Judge

---

[2] Archer adds that this defense "preserves its ability to seek intra-district transfer or a special setting in the unlikely event of trial." Id. at 9.

3